```
                    UNITED STATES DISTRICT COURT
                            FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA

JAMIE ELLIOTT,                     :
                                   :
          Plaintiff                :    No. 4:05-CV-2548
                                   :
     vs.                           :    (Complaint Filed 12/8/05)
                                   :
GRACE, ET AL.,                     :    (Judge Muir)
                                   :
          Defendants               :
```

### ORDER
January 9, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 8, 2005, Plaintiff Jamie Elliott, a former prison inmate, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  This case was assigned to us but referred to Magistrate Judge Thomas M. Blewitt for preliminary consideration. This is Elliott's third action essentially raising the same claims which were previously asserted, including a wrongful death claim on behalf of his deceased brother Paul Elliott. The prior cases were dismissed, inter alia, for lack of standing and because of the expiration of the two-year statute of limitations.

On December 15, 2005, after screening the complaint pursuant to the Prison Litigation Reform Act, Magistrate Judge Blewitt issued a report recommending that the claims against all Defendants be dismissed based on the two-year statute of limitations and our decision in Elliott v. Grace, Civil No. 04-2358, the first of the prior two cases. Objections to the report

of a Magistrate Judge may be filed within 10 days after the report is served on the parties.  M.D. Pa. Local Rule 72.31.  Elliott has not filed objections to the report of Magistrate Judge Blewitt. The matter became ripe for decision on January 3, 2005.  When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate. Thomas vs. Arn, 474 U.S. 140, 151-52 (1985).

In a 9-page report Magistrate Judge Blewitt explained why the case should be dismissed on the basis of our prior ruling relating to the statute of limitations and the fact that Elliott has no standing to raise a claim on behalf of his brother.  We will not repeat Magistrate Judge Blewitt's basis for those recommendations other than noting that the prior two cases control the disposition of this one.

We find no error in Magistrate Judge Blewitt's report and shall adopt it as our own.

NOW, THEREFORE, IT IS ORDERED THAT:

1.   The report of Magistrate Judge Thomas M. Blewitt filed on December 15, 2005, is adopted in toto except for footnote 13.[1]

---

1. Magistrate Judge Blewitt recommended in footnote 13 that the dismissal of this case constitute a second strike for purposes of the three strike rule under 28 U.S.C. § 1915(g).  However, our reading of that statute requires that the action be filed by one who is "incarcerated or detained in any facility" and Elliott when he filed this action was not a prisoner.  However, if Elliott files any further complaints raising the same or similar claims relating to incidents that occurred in 1989 we will
(continued...)

      2.  Elliott's motion to proceed in forma pauperis is granted solely for the purpose of filing the complaint.

      3.  Elliott's complaint is dismissed.

      4.  Elliott's motion for appointment of counsel is denied as moot.

      5. Elliott's motion for summary judgment (Doc. 6) filed on December 16, 2005, is denied as moot.

      6.  The Clerk of Court shall close this case and send a copy of this order to Magistrate Judge Blewitt.

      7.  Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

      s/Malcolm Muir
      MUIR
      United States District Judge

MM:gs

---

1.  (...continued) consider imposing monetary or other sanctions against Elliott under Rule 11 of the Federal Rules of Civil Procedure.